UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES TANNER,

        Plaintiff,

                                                                           Case Number 07-10276-BC

v.                                                           Honorable Thomas L. Ludington

INLAND LAKES MANAGEMENT, INC.,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION IN LIMINE AND DENYING DEFENDANT'S MOTION TO EXTEND DATES

Defendant Inland Lakes Management, Inc.'s ("Defendant") motion to extend the case management order dates [Dkt. # 25] and motion in limine [Dkt. # 26] are presently before the Court. Plaintiff initiated this action seeking damages for a personal injury sustained while employed as a seaman. Pursuant to the initial case management order, Plaintiff was to make expert disclosures by November 30, 2007. The parties were also to complete discovery by February 15, 2008 and file dispositive motions by March 7, 2008.

On February 8, 2008, Defendant filed a motion to extend the case management dates. According to Defendant, Plaintiff produced the report of his liability expert on January 18, 2008. Defendant sought an extension of the discovery and dispositive motions deadlines. Defendant represented that the parties were unable to find a date to accomplish the deposition of Plaintiff's effort prior to March 7, 2008. On February 13, 2008, this Court granted that order and extended the discovery and dispositive motion deadlines until March 21, 2008.

On March 6, 2008, Defendant filed the instant motion seeking to extend the scheduling order

dates or to compel expert testimony. Defendant indicated that on March 4, 2008 Plaintiff informed counsel that his expert would not be available until after the already extended March 21, 2008 deadline. Defendant did not offer, however, a compelling justification or authority that persuades this Court to extend the scheduling dates again. Thus, the Court will deny his request to extend dates. To the extent that the parties mutually resolve the issue pertaining to the deposition of Plaintiff's expert, the Court will not preclude the testimony.

Next, Defendant seeks to exclude the report and testimony of Dr. Paul A Cullis. Dr. Cullis, a neurologist retained by Plaintiff, was not listed as a lay or expert witness in Plaintiff's Rule 26 disclosures or interrogatory responses. Plaintiff submitted the report to Defendant thirty days after Defendant produced his expert's report. Plaintiff contends that Dr. Cullis's report is intended to rebut issues of causation raised by the report produced by Defendant's expert witness.

Rule 26 requires that a party make expert "disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(C). Rule 37 provides the following:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1). "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Dickenson v. Cardiac and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (citation omitted).

Though Plaintiff acknowledges that he did not timely disclose Dr. Cullis as a witness or timely produce his report, Plaintiff contends that he has complied with the "spirit" of Rule 26. Moreover, Plaintiff maintains that the admission of Dr. Cullis's report is "substantially justified" because it rebuts newly raised conclusions of causation. Plaintiff also contends that its admission

would be harmless to Defendant because its expert had an opportunity to review Dr. Cullis's report.

The Court disagrees with Plaintiff's characterization that the untimely designation of Dr. Cullis as a witness or production of the report is substantially justified or harmless. As Defendant points out, Plaintiff's treating physicians offered opinions regarding the cause of Plaintiff's injuries at the beginning of this litigation. Moreover, had the report been timely produced, Defendant contends that it would have undertaken additional discovery to investigate the newly asserted causes of Plaintiff's injuries. Though Plaintiff characterizes Dr. Cullis's report as a "rebuttal" report, the facts in this matter do not support that conclusion. Thus, Plaintiff's failure to timely disclose Dr. Cullis as a witness or produce his report was not substantially justified or harmless. The appropriate sanction in this instance is to exclude Dr. Cullis's report and testimony.

Accordingly, it is **ORDERED** that Defendant's motion to extend dates [Dkt. # 25] is **DENIED**.

It is further **ORDERED** that Defendants' motion to exclude the expert report and testimony of Dr. Paul A Cullis [Dkt. # 26] is **GRANTED**.

                                                      s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

Dated: April 23, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 23, 2008.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS