UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES TANNER,

        Plaintiff,

                                        Case Number 07-10276-BC
v.                                          Honorable Thomas L. Ludington

INLAND LAKES MANAGEMENT, INC.,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Inland Lakes Management's ("Defendant") motion for summary judgment [Dkt. # 28] is presently before the Court. Plaintiff James Tanner ("Plaintiff"), a seaman under the Jones Act, 46 U.S.C. § 30104 *et seq.*, injured his back while loading a docked vessel. The complaint alleges Defendant's negligence and breach of warranties caused Plaintiff's personal injuries. The instant motion for summary judgment contends that Plaintiff's claims are barred by the primary duty rule, which impedes a seaman from asserting a Jones Act claim when "an injury [was] caused by [the seaman's] own failure to perform a duty imposed upon him by his employment." *Ribitzki v. Canmar Reading & Bates, LTD. Partnership*, 111 F.3d 658, 665 (9th Cir. 1996).

The Court will **DENY** Defendant's motion for summary judgment. A triable issue of fact exists whether Plaintiff consciously assumed the duty to ensure the safety of the dock. Additionally, Defendant has not demonstrated that Plaintiff was responsible for maintaining the cart in a safe condition.

Although Defendant's motion was scheduled for hearing before this Court on May 13, 2008, the Court has reviewed the parties' submissions and concludes that oral argument will not aid in the

disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

I

Defendant employed Plaintiff as a "head conveyorman" aboard the S/S J.A.W. Iglehart ("Iglehart"). On December 18, 2005, the Iglehart was docked in Alpena, Michigan. The dock is owned and operated by third-party LaFarge North America, Inc. On that day, some areas of the dock were covered with ice and snow. Plaintiff, along with three other crew members, was loading items from the dock onto the Iglehart using a hand cart.

Plaintiff alleges, inter alia, that he ruptured a disk in his back as a result of slipping while pulling a cart containing screws weighing approximately 750 pounds. Allegedly, Plaintiff was pulling the cart backwards across the dock. As he pulled the cart, snow accumulated under the wheels causing it to stop abruptly. When the cart stopped, Plaintiff slipped, fell to the ground, and injured his back.

Plaintiff's complaint alleges that Defendant's negligence and the unseaworthiness of the Iglehart caused his injury. Plaintiff asserted the following conditions or events caused his injury: "Defendant failed to keep the dock free of snow and ice, provided faulty and/or inappropriate equipment to [P]laintiff to perform his duties and failed to assign sufficient assistance to perform the task." Dkt. # 28-10 at 3. Defendant contends that Plaintiff, as head conveyorman, had the authority and obligation to ensure that cargo was safely loaded. For instance, Plaintiff could have requested that a forklift move the cart, asked assistance from another dock worker, or requested that the operator of the dock remove the snow and ice.

The instant motion focuses on Plaintiff's duties and responsibilities as head conveyorman.

The parties offer contradictory accounts whether the official duties of a head conveyorman include maintaining a safe work environment on a dock. In an affidavit, Plaintiff maintained that he "was generally responsible for the maintenance of the conveyor belt and the tunnels, in addition to assisting with machinery maintenance in the engine room and above and below decks." Dkt. 32-3 at ¶ 2. Plaintiff acknowledges that his duties included loading and unloading vessel supplies for the conveyor system, but did not include maintenance of docks or the equipment. *Id.* at ¶ 4. Nor was it his responsibility to maintain or ensure the physical safety of the dock. *Id.* at ¶ 15. Finally, Plaintiff maintains that Defendant, or its agents, did not "employ, instruct, or expect" Plaintiff to maintain the dock or its equipment. *Id.* at ¶ 14.

In support of its motion, Defendant submitted the affidavits of its chief engineer, Charles Rozhon ("Rozhon"), and its environmental and safety coordinator, Matt Stump ("Stump"). The affidavits indicate that dock safety was Plaintiff's official duty. Rozhon stated that "the [h]ead [c]onveyorman was the officer responsible for supervising the safe and efficient loading of supplies aboard the Iglehart." Dkt. # 28-5 at ¶ 4. As a result of this responsibility, the head conveyorman retained the authority to defer loading the screws or request assistance to safely load the screws. *Id.* at ¶ 8. Stump offered similar statements indicating that Plaintiff's official duty included the safe loading of supplies. *See* Dkt. # 28-6 at ¶ 3-5.

II

A motion for summary judgment under Federal Rule of Civil Procedure 56 presumes the absence of a genuine issue of material fact for trial. Under Rule 56(c), a court must review "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to conclude that "there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 534 (6th Cir. 2002).

The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252."[T]he party opposing the summary judgment motion must 'do more than simply show that there is some "metaphysical doubt as to the material facts."'" *Highland Capital, Inc. v. Franklin Nat. Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir. 1994), and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

III

Defendant's motion focuses the Court's attention on a relatively discrete legal question of whether the primary duty rule applies at this stage of the instant action. Defendant maintains that the undisputed facts indicate Plaintiff was the "supervisor in charge of the very activity giving rise to his injury." Dkt. # 28 at 9. Essentially, Defendant asserts that Plaintiff was responsible for

performing the task in a safe manner–that is, requesting the removal of ice or snow from the dock, attaining assistance from a coworker or a forklift, or defer the loading.

A maritime action "employs the system of comparative negligence, in which a plaintiff's negligence does not preclude recovery." *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 908 (6th Cir. 2006). The primary duty rule, however, is the sole exception providing a "complete defense against Jones Act and unseaworthiness claims." *Id.* at 908-09. "The primary duty rule provides that a ship's officer may not recover against his employer for negligence or unseaworthiness when there is no other cause of the officer's injuries other than the officer's breach of his consciously assumed duty to maintain safe conditions aboard the vessel." *Id.* at 909 (*quoting Wilson v. Maritime Overseas Corp.*, 150 F.3d 1, 11 (1st Cir. 1998) (*citing walker v. Lykes Bros. S.S. Co.*, 193 F.2d 772, 773 (2d Cir. 1952))). In order for a defendant to establish that a plaintiff's claims are barred by the primary duty rule, the defendant must show: (1) the plaintiff owed a duty to the defendant; (2) the plaintiff breached that duty; and (3) the breach was the "*sole* proximate cause of [the plaintiff's] injury." *Id.* (emphasis in original). The defendant must also demonstrate that the plaintiff "consciously assumed [the] duty to maintain safe conditions aboard the vessel." *Id.* at 910. Additionally, where the defendant is "also independently at fault," the doctrine of comparative negligence is applicable, not the primary duty rule. *Id.* at 909. The Ninth Circuit recognized the three following factual circumstances that guide its application:

> First, the rule does not bar a claim of injury arising from a breach of a duty that the plaintiff did not consciously assume as a term of his employment. Second, the rule does not apply where a seaman is injured by a dangerous condition that he did not create and, in the proper exercise of his employment duties, could not have controlled or eliminated. Third, the rule applies only to a knowing violation of a duty consciously assumed as a term of employment.

*Ribitzki v. Canmar Reading & Bates*, 111 F.3d 658, 665-66 (9th Cir. 1996).

Here, the primary duty rule is inapplicable at this stage of the matter for two primary reasons. First, a factual dispute exists whether Plaintiff "consciously assumed the duty to maintain safe conditions" on the dock. Second, Plaintiff's allegation that the cart was in disrepair advances an "independent" proximate cause separate and apart from Defendant's alleged assumed duty.

First, a factual dispute exists as to whether Plaintiff "consciously assumed the duty to maintain safe conditions" on the dock. Though Defendant offered affidavits indicating that a head conveyorman is responsible for safe conditions on the dock, evidence to the contrary exists. First, and foremost, Plaintiff's affidavit indicates that it was not his duty to maintain the safety on the dock. This conclusion is supported by the tangential fact that the icy conditions were the result of accumulated snow on the dock, which is owned by a third-party. As such, it is possible to conclude that the third-party was responsible for maintaining safe conditions on the dock. Thus, a factual dispute exists whether Plaintiff assumed the responsibility and owed a duty to Defendant to ensure the safety of the dock.

Second, Plaintiff has advanced multiple theories of negligence, including that the cart was in disrepair. Even if Plaintiff consciously assumed the duty to maintain a safe working environment on the dock, Defendant's brief did not address how Plaintiff would be responsible for the maintenance of the cart. Perhaps, the cart is a piece of equipment within Plaintiff's duty to keep in a safe working condition. Defendant, however, did not demonstrate that to be the case. Despite considerable effort to thoughtfully develop arguments that many of Plaintiff's theories were the result of Plaintiff's own conduct, Defendant ignored Plaintiff's contention that the cart's disrepair caused the injury. As discussed above, even if Defendant demonstrates Plaintiff's breach of duty was a cause of his injury (i.e. Plaintiff failed to request the removal of the snow or ice), the

possibility that an independent cause may have existed renders the primary duty rule inapplicable. Here, Plaintiff has asserted this individual theory, such that summary judgment is improper.

Ultimately, a triable issue of fact exists whether Plaintiff indeed "consciously assumed the duty" to maintain the safety of the dock. Moreover, even if it was Plaintiff's duty to maintain safety of the third party owned dock, the scope of that duty is unclear. Thus, summary judgment is not warranted.

IV

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment [Dkt. # 28] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 12, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 12, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS

---